# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | | |
|---|---|---|
| PAUL ALAMAN, | ) | Case No. CV-09-132-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY | ) | ORDER |
| OF NORTH AMERICA (LINA), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has moved the Court to exclude the testimony and opinions of Joanne Latham to the extent such testimony relies upon the undisclosed expert opinions of Dr. Rayes-Prince and Dr. Debra Sheppard.

## BACKGROUND

Defendant has disclosed a vocational expert by the name of Joanne Latham. Latham's report dated April 1, 2011 states: "It is my opnion that Mr. Paul Alaman

is currently employable. According to Dr. Rayes-Prince, and Dr. Sheppard, Mr. Alaman is able to work on a full-time basis." Latham's report also states: "On 3-29-11, Dr. Rayes-Prince stated that Mr. Alaman is able to work 8 hour per day, 40 hours per week. Dr. Rayes-Prince noted that Mr. Alaman was capable of performing full time work."

Latham claims that these opinions were provided to her during telephone conversations with Dr. Rayes-Prince and Dr. Sheppard, on March 30, 2011 and March 22, 2011, respectively.

Dr. Rayes-Prince has not been specially retained, identified, or separately disclosed as an expert witness by Defendant. She was retained to conduct a vocational IME upon Plaintiff in 2008, but has never treated Plaintiff. The IME report prepared by Dr. Rayes-Prince states that Defendant was capable of working 4 hours per day.

Dr. Sheppard is identified as an expert witness, but she has not expressed the opinion that Plaintiff is capable of full-time work in her written disclosure or during her deposition.[1]

---

[1] Dr. Sheppard was deposed on February 14, 2011. When asked whether she had formed an opinion whether Plaintiff could work full time, or merely part time, Dr. Sheppard testified: "I did not address that." Dr. Sheppard depo. p. 39.

## ANALYSIS

Rule 26(a)(2)(A), F.R.Civ.P. states that a party "shall disclose to the other party the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. This Court's Scheduling Order also warns that, "Expert reports must satisfy the requirements of Rule 26(a)(2)(B). An inadequate report or disclosure may result in exclusion of the expert's opinions at trial. . ."

This Court's Scheduling Order makes clear also that "a treating physician is not considered an expert unless the testimony offered by the treating physician goes beyond care, treatment and prognosis. If the treating physician's testimony goes beyond care, treatment and prognosis, there must be full compliance with the discovery requirements of Rule 26(a)(2)(B)." *See Goodman v. Staples The Office Superstore, LLC*, 2011 WL 1651246 (9th Cir. 2011). Since Drs. Sheppard and Rayes-Prince have not treated Plaintiff, their undisclosed opinions are inadmissible. *See McCluskey v. Allstate*, 34 MFR 378 (D.Mont. 2006).

In disclosing an expert's opinions, the disclosing party is required also to disclose, "the facts or data considered by the witness in forming them." Rule 26(a)(2)(B)(i) and (ii). In turn, Rule 703 permits expert opinions to be based on three possible sources: (1) firsthand knowledge; (2) admitted evidence; and (3)

facts or data not admitted into evidence if "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."

Expert opinions will not be admitted unless the expert has been identified, and the facts or data considered for that expert's opinion have been disclosed in the expert's signed report. "[F]acts, data, or opinions which would be [otherwise] inadmissible . . . cannot form the bases of an expert's opinion under Rule 703." *U.S. v. W.R. Grace*, 597 F.Supp.2d 1143, 1154 (D.Mont. 2009), citing 3 Michael H. Graham, *Handbook of Federal Evidence* § 703:1 (6th ed. 2006).

Defendant's attempt to argue that the hearsay expert opinions of Drs. Rayes-Prince and Sheppard constitute, "facts or data of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." While it is well-accepted that vocational experts frequently rely upon the opinions of treating doctors, physical therapists and rehabilitation professionals, Rule 703 does not allow for the use of hearsay opinions on the pretense that it is the basis for their own expert opinion. To allow Latham to parrot the opinions of Drs. Rayes and Sheppard would be wrong.

## CONCLUSION

Plaintiff's Motion in Limine [*doc. 52*] is GRANTED. Defendant will not be allowed to present evidence from Joanne Latham that relies upon the undisclosed opinions of Dr. Emily Rayes-Prince and Dr. Debra Sheppard.

DATED this First day of June, 2011.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE